914 So.2d 950 (2005)
FLORIDA DIVISION OF WORKERS' COMPENSATION, Appellant,
v.
Ricardo CAGNOLI, et al., Appellees.
No. SC05-220.
Supreme Court of Florida.
November 3, 2005.
Daniel Y. Sumner and David D. Hershel, Tallahassee, FL, for Appellant.
Mark L. Zientz and Andrea Cox of Mark L. Zientz, P.A., Miami, FL, for Appellee.
JoNel Newman, Miami, FL, and Rebecca Smith, Olympia, WA, on behalf of National Employment Law Project, Farmworker Coordinating Council of Palm Beach County and Coalition of Florida Farmworker Organizations, Inc., as Amici Curiae.
PER CURIAM.
We have on appeal a decision of a district court of appeal declaring invalid a state statute. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
The First District Court of Appeal succinctly stated the relevant facts and reached a decision as follows:
Claimant, Ricardo Cagnoli, challenges a final order striking his petition for workers' compensation benefits for failing to include a social security number as required by section 440.192, Florida Statutes. Claimant raises a number of issues, including whether the requirement of including a social security number violates section 7 of the federal Privacy Act of 1974, at 5 U.S.C. § 552a note. We agree with claimant that the requirement does in fact violate the federal *951 statute. It is, therefore, unnecessary for us to reach the other issues raised by appellant.
Section 7 of the Privacy Act provides, in relevant part, as follows:
(a)(1) It shall be unlawful for any Federal, State, or local government agency to deny any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
(2) The provisions of paragraph (1) of this subsection shall not apply with respect to
....
(B) The disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
5 U.S.C. § 552a note.
The exception provided in section 7(a)(2)(B) of the Privacy Act would not apply to section 440.192, Florida Statutes, requiring injured workers to list their social security number, because section 440.192 was not enacted until 1980. We have reviewed other exceptions to the Privacy Act, including those contained in section 42 U.S.C. § 405, and find none to be applicable.
We, therefore, determine that the Judge of Compensation Claims erred in dismissing the petition for benefits and direct that the claim be reinstated.
Cagnoli v. Tandem Staffing, 888 So.2d 79, 80 (Fla. 1st DCA 2004) (footnote omitted). We affirm the First District's decision, adopt the First District's opinion, and remand the case for further proceedings.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.